**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BANK OF AMERICA, N.A.,** | ) | |
| *Plaintiff*, | ) | |
| **v.** | ) | **Civ. Action No. 3:08-CV-01935-L** |
| | ) | |
| **GRANT J. SCOTT, Trustee of** | ) | |
| **THE GET GOOD TRUST;** | ) | |
| **JAMES DONDERO, Individually and as** | ) | |
| **Trustee of the CANIS MAJOR TRUST,** | ) | |
| *Defendants*. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred Defendants' Motion to Compel Arbitration, filed January 13, 2009, to the United States Magistrate Judge for recommendation. In a Response filed February 2, 2009, Plaintiff indicates that it does not oppose the Motion to Compel Arbitration. However, in the Response, Plaintiff requests that the case be stayed pending arbitration, rather than dismissed. Defendants have not responded to the Motion to Stay. Accordingly, both the Motion to Compel Arbitration and the Motion to Stay are unopposed.

### Analysis

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides at §3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Fifth Circuit Court of Appeals has interpreted the express terms of § 3 to mean only that a court cannot deny a stay when one is properly requested. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992). "This rule, however, was not intended to limit

dismissal of a case in the proper circumstances." *Id*. If all of the issues raised before the court are arbitrable, dismissal of the case is not inappropriate. *Id*.

This lawsuit, filed by Bank of America on October 30, 2008 is based on a loan agreement and guaranty, dated December 21, 2007, between Plaintiff and Defendants. Section 8.4(b) of the loan agreement and Section 22(b) of the guaranty require that "any Claim shall be resolved by binding arbitration in accordance with the Federal Arbitration Act," at the request of either party. Defendants claimed, and Plaintiff has agreed, that this dispute is subject to the arbitration clause. Defendants have requested that this dispute be resolved by arbitration.

It appears that all of the issues raised in this lawsuit are arbitrable and dismissal of the case without prejudice would not be inappropriate. *Alford*, 975 F.2d at 1164. However, Plaintiff has requested a stay rather than dismissal. This request is unopposed, and the Court has no obligation to dismiss rather than stay the case pending arbitration. *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676, (5th Cir. 1999) (holding that "district courts have discretion to dismiss cases in favor of arbitration," but not implying any obligation to do so).

## Recommendation

The Court recommends that the District Court stay the case pending arbitration in light of Plaintiffs' unopposed motion to stay pursuant to the terms of 9 U.S.C. § 3. Further, the District

Court should order the Clerk of Court to administratively close the case,[1] subject to reopening if any issues remain after arbitration.

      SO RECOMMENDED, February 25th , 2009.


                                PAUL D. STICKNEY
                                UNITED STATES MAGISTRATE JUDGE

---

[1]A Court's administrative closure of a case is not a dismissal or final decision. *South Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).